J-S14044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEROME MOUZON | : | |
| | : | |
| Appellant | : | No. 2727 EDA 2024 |

Appeal from the PCRA Order Entered September 23, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0402031-1998

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEROME MOUZON | : | |
| | : | |
| Appellant | : | No. 2728 EDA 2024 |

Appeal from the PCRA Order Entered September 23, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0404131-1998

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEROME MOUZON | : | |
| | : | |
| Appellant | : | No. 2729 EDA 2024 |

Appeal from the PCRA Order Entered September 23, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0409152-1998

J-S14044-25

In these consolidated appeals,[1] Jerome Mouzon appeals **pro se** from the September 23, 2024 order dismissing his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. After careful review, we affirm.

A detailed recitation of the factual background is not relevant to our disposition and need not be reiterated in full here.  The pertinent procedural history of this matter, as gleaned from the certified record, is as follows:  On December 22, 1998, a jury found Appellant guilty of eight counts each of robbery and possession of an instrument of crime, and seven counts of criminal conspiracy, in connection with a string of armed robberies he committed over an 11-day period in the fall of 1997.  On June 23, 1999, the trial court sentenced Appellant to an aggregate term of 72½ to 145 years' imprisonment.

The validity of Appellant's sentence was litigated at length in this Court and our Supreme Court.  On May 23, 2001, a panel of this Court affirmed Appellant's judgment of sentence, concluding that his excessive sentencing claim failed to raise a substantial question because it was within the statutory

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant's appeals at Nos. 2727 EDA 2024, 2728 EDA 2024, and 2729 EDA 2024 were consolidated **sua sponte** by this Court on December 17, 2024.

- 2 -

limits. ***See Commonwealth v. Mouzon***, 778 A.2d 1245 (Pa.Super. 2001), ***reversed***, 812 A.2d 617 (Pa. 2002). Our Supreme Court reversed and remanded this matter to this Court with the direction to consider the merits of whether Appellant's sentence was excessive. ***Id.*** Upon remand, this Court affirmed Appellant's judgment of sentence on July 1, 2003, concluding that the trial court imposed a lawful sentence which was not excessive and therefore did not constitute an abuse of discretion. ***See Commonwealth v. Mouzon***, 828 A.2d 1126 (Pa.Super. 2003). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On March 11, 2004, Appellant filed his first ***pro se*** PCRA petition. Counsel was appointed and filed an amended PCRA petition on Appellant's behalf on June 24, 2005. On June 28, 2006, the PCRA court dismissed Appellant's petition, and a panel of this Court affirmed the PCRA court's order on June 6, 2007. ***See Commonwealth v. Mouzon***, 931 A.2d 49 (Pa.Super. 2007), ***appeal denied***, 936 A.2d 40 (Pa. 2007). From 2013 to 2021, Appellant filed several additional PCRA petitions, which were ultimately dismissed as meritless. ***See Commonwealth v. Mouzon***, 190 A.3d 705 (Pa.Super. 2018); ***Commonwealth v. Mouzon***, 270 A.3d 1145 (Pa.Super. 2021).

Appellant filed the instant ***pro se*** PCRA petition, his fourth, on April 13, 2022, styled as a petition for writ of ***habeas corpus***. Thereafter, Appellant supplemented his petition with three additional ***pro se*** filings, on August 11,

- 3 -

2023, June 12, 2024, and July 3, 2024, respectively. On August 23, 2024, the PCRA court provided Appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant filed a response to the PCRA court's Rule 907 notice on September 4, 2024. Thereafter, on September 23, 2024, the PCRA court entered an order and opinion dismissing Appellant's petition as untimely. This timely appeal followed.[2]

Appellant raises the following issue for our review: "Whether the [PCRA] court erred and abused its discretion in dismissing Appellant's [PCRA] petition alleging his sentence is illegal[?]" Appellant's brief at 3 (extraneous capitalization omitted).

Preliminarily, we note that "the PCRA is intended to be the sole means of achieving post-conviction relief," and that "the PCRA statute subsumes the writ of **habeas corpus**." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa.Super. 2013) (citations omitted); **see also** 42 Pa.C.S.A. § 9542 (stating, "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including **habeas corpus** and **coram nobis**."). This Court has long

---

[2] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b).

recognized that "[r]egardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA." *Commonwealth v. Hagan*, 306 A.3d 414, 421–422 (Pa.Super. 2023) (citations omitted).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

We must consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including a second or subsequent petition, must be filed within one year of when a defendant's judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the

United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that Appellant's judgment of sentence became final on August 1, 2003, 30 days after this Court affirmed Appellant's judgment of sentence and the time for filing petition for *allocatur* with the Pennsylvania Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Accordingly, Appellant had until August 1, 2004 to file a timely PCRA petition. *Id.* at § 9545(b)(1). Appellant's instant PCRA petition was filed April 13, 2022, more than 17 years after the deadline, and is patently untimely. Accordingly, Appellant was required to plead and prove that one of the three statutory exceptions enumerated in Section 9545(b)(1) applies.

The three statutory exceptions to the PCRA time-bar are as follows:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking any of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Instantly, our review of Appellant's most recent PCRA petition as well as his appellate brief reveals that he has failed to even invoke, let alone prove, any of the three statutory exceptions to the PCRA time-bar set forth in Section § 9545(b)(1). **See** Amended PCRA Petition, 7/3/24 at 1 (unpaginated); *see also* Appellant's brief at 8-14. On the contrary, Appellant disregards the untimeliness of his PCRA petition and baldly contends that he is entitled to PCRA relief because the consecutive sentences imposed by the trial court for multiple robberies were illegal. Appellant's brief at 8. This Court has long recognized that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Armolt***, 294 A.3d 364, 378 (Pa. 2023), quoting ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999); ***see also Taylor***, 65 A.3d at 465 (stating, "although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." (citation omitted)). Appellant has failed to satisfy this burden.

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing Appellant's petition as untimely and affirm its September 23, 2024 order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>5/30/2025</u>